In re Application of PIEDMONT PUBLISHING COMPANY.

OKLAHOMA PRESS ASSOCIATION, INC., the Tribune Corporation and the Review News Company, Appellants,

v.

PIEDMONT PUBLISHING COMPANY, Appellee.

No. 53249.

Supreme Court of Oklahoma.

April 28, 1981.

Jerry D. Sokolosky, Oklahoma City, for appellants.

Kenneth W. Dickerson, Oklahoma City, for appellee.

SIMMS, Justice:

This is an appeal from an order of the trial court declaring appellee newspaper qualified to publish legal notices pursuant to 25 O.S.Supp.1973, § 106. Appellants are an Oklahoma corporation comprised of numerous "legal" newspapers in Oklahoma, and two individual publishers who are members of that organization. Appellee is the publisher of a weekly newspaper, The Piedmont-Surrey Gazette, with offices at Piedmont, Canadian County, Oklahoma.

Appellee petitioned the trial court for an order declaring it to be qualified to publish legal notices pursuant to 25 O.S.Supp.1977, § 106, which was granted January 31, 1978. Appellants' application in the trial court to vacate that order was denied. That denial is the basis of this appeal.

The relevant facts are not disputed. Appellants concede that appellee has satisfied all the requirements for qualification under 25 O.S.Supp.1977, § 106 except subsection (c):

"(c) has been printed in the county where delivered to the United States mails;"

The only issue on appeal is whether appellee newspaper has satisfied this statutory requirement.

Appellee's newspaper is delivered to the United States mails at Piedmont, Canadian County, Oklahoma. It is written, type-set, placed into columns, cut and pasted, distributed, circulated, and advertising prepared from appellee's production facilities at Piedmont. The dispute relates to the fact that after all this is done, the newspaper, prepared in final form, is taken outside of Canadian County to Oklahoma County for offset reproduction. The reproduced copies are then returned to Piedmont for distribution.

Appellants claim that the act of "reproducing" is synonymous with "printing", and therefore appellee cannot qualify to publish legal notices under the cited statute. Appellee admits that his reproduction is done outside the county, but claims that this does not establish that the "printing" is not done in Canadian County.

Both sides rely for support on our holding in *Ruble v. Redden*, Okl., 517 P.2d 1124 (1973), which presented an issue almost identical to the one now before us. We held in *Ruble* that the word "printed" means more than the simple act of reproduction, and that an otherwise qualified newspaper cannot be denied qualification under the statute merely because it was reproduced in a different county. Our holding therein was specifically limited to the situation occurring prior to a 1973 amendment to 25 O.S.1971, § 106, which provides in pertinent part:

"Provided, however, that a newspaper already legally qualified, or a newspaper which shall hereafter become legally qualified and maintain such legal qualification for a continuous period of five (5) years, may be printed outside the county where delivered to the United States mails and still retain all qualifications to publish legal notices, advertisements or publications of any kind as provided in this statute if there shall first be obtained, upon application, an order from the district court granting said newspaper

permission to print outside the said county.

"Such order shall be issued by the district court upon satisfactory proof (1) that the newspaper can be printed more efficiently outside the county; . . ." [(2) and (3) are omitted]

Our holding in *Ruble* was based on our finding that a strict construction of the word "printed", to mean nothing other than "reproduced", would lead to an unconstitutionally unreasonable result. We said that a requirement of printing within the county is not an unreasonable legislative concern as long as the word "printed" is not too strictly defined.

We said also, however, that the 1973 amendment requiring judicial approval for printing outside the county would allow for a more narrow construction of the word "printed" since that amendment recognized the unreasonableness of the total out-of-county prohibition and merely codified the conditions and requirements for allowing out-of-county printing.

Appellee claims that the amendment doesn't apply to his newspaper, since he never "printed" out of the county, but merely "reproduced" in Oklahoma County.

We agree. A literal reading of the amended statute would leave us with the same constitutional problem avoided in *Ruble, supra.* The statute would literally require a new newspaper to establish and maintain expensive reproduction equipment for a period of five years, and then, after somehow being able to do so economically, if it would then even desire to abandon its established facilities, go into the district court and prove why the newspaper can now be reproduced more efficiently in another county. This is clearly an unreasonable burden to force upon a newspaper. It would further put newspapers in metropolitan counties at a distinct advantage since offset reproduction facilities are readily available for hire within the county.

Our holding in *Ruble* was based on the idea that "printing" would have to mean more than mere "reproduction" in order to be a legitimate requirement of legislative concern.

 We hold that the amendment imposing restrictions on out-of-county printing relates only to more substantial, integral and important components of "printing" than reproduction only. Therefore, where the only act done out of the county is the mere reproduction of the finished product, the applicant newspaper is being "printed" within its county for the purposes of legal qualification under 25 O.S.Supp. 1977, § 106.

The judgment of the trial court is AFFIRMED.

All the Justices concur.